## MARTIN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

No. 137.

Conspiracy ⚙=48—In trial of two of seven persons indicted for conspiracy, instruction that both must, or neither could, be found guilty, held erroneous (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).

Where two only of seven persons jointly indicted for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), and for other offenses, were tried together, instruction as to conspiracy count that both defendants must, or neither could be, found guilty, held prejudicial error.

In Error to the District Court of the United States for the Eastern District of New York.

William J. Martin was convicted of conspiracy to violate the National Prohibition Act, and of other offenses, and he brings error. Reversed as to the named offense; otherwise, affirmed.

Laurence A. Anderson, of New York City (George Gordon Battle, of New York City, of counsel), for plaintiff in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. Plaintiff in error, with six other named or described persons, was indicted in three counts for, first, conspiracy to violate section 3 of title 2 of the National Prohibition Act (Comp. St. § 10138½aa); second, bringing into the United States intoxicating liquors without a permit, in violation of section 593b of the Tariff Act of 1922 (Comp. St. § 5841h13); and, third, concealing said liquors after unlawful importation, in violation of the same statute.

For reasons now immaterial, only this plaintiff in error and one Coombs were tried together.

The counts above described all grew out of one series of connected transactions, and all were fully proven; the accused not taking the witness stand. Both men were convicted on all three counts, and Martin (who alone brought this writ) was separately sentenced on each count.

In instructing the jury the learned trial judge, evidently overlooking the fact that seven men were indicted, although only two were on trial before him, charged over objection that none, both, or one of the defendants might be convicted on the second and third counts, but as to the first or conspiracy count both must, or neither could be, found guilty. That, under the circumstances, this was prejudicial error, needs no more than mention.

We have examined all the assignments, and find none other that requires comment.

Judgment on first count reversed; on second and third counts affirmed.